IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JIMMY LEE WEBB, # 137198, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No.2:16cv814-WKW |
| | ) (WO) |
| DERRICK CARTER, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This case is before the court on a petition for writ of habeas corpus under 28 U.S.C. § 2254 filed by Jimmy Lee Webb ("Webb"), an Alabama inmate incarcerated at the Bullock Correctional Facility.  (Doc. No. 1.)  Webb challenges his calculated release date on a 20-year sentence imposed by the St. Clair County Circuit Court for the offense of second-degree assault.

**DISCUSSION**

Title 28 U.S.C. § 2241(d) allows Webb to bring his § 2254 petition in either (a) the district court for the district wherein he is in custody (here, the Middle District of Alabama, where the Bullock Correctional Facility is located), or (b) the district court for the district within which the state court that convicted and sentenced him was held (the Northern District of Alabama, where St. Clair County is located).  Section 2241(d) provides that this court "in the exercise of its discretion and in furtherance of justice," may transfer a petitioner's § 2254 petition to "the district court for the district within which the State court was held which

convicted and sentenced [the petitioner]." 28 U.S.C. § 2241(d).

Because the matter complained of by Webb stems from a sentence imposed by the St. Clair County Circuit Court, and since the records related to imposition of Webb's sentence are located in St. Clair County, this court finds that judicial economy will be best served by transferring this case to the United States District Court for Northern District of Alabama for hearing and determination.[1]

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Alabama pursuant to the provisions of 28 U.S.C. § 2241(d).

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before October 27, 2016. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions

---

[1] A decision on Webb's application for *in forma pauperis* status (Doc. No. 2) is reserved for ruling by the United States District Court for the Northern District of Alabama.

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

    Done this 14th day of October, 2016.


                                              /s/ Charles S. Coody
                                      CHARLES S. COODY
                                      UNITED STATES MAGISTRATE JUDGE